Jeana R. Lervick (MT Bar No. 13187)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P.O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile:  (406) 256-0277
Email: jlervick@crowleyfleck.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| GREAT HARVEST FRANCHISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREGORY ANDREW WILLIAMS GREEN, and KIMBERLY ELAINE GREEN, <br><br> Defendants. | Cause No. 2:24-CV-00032-BMM <br><br><br> **JOINT MOTION FOR FINAL JUDGMENT AND PERMANENT RESTRAINING ORDER** |

COME NOW, the Parties, Plaintiff, Great Harvest Franchising, Inc. ("Great Harvest"), and Defendants, Gregory Andrew Williams Green and Kimberly Elaine Green (collectively "the Greens"), (collectively "the Parties"), and jointly move the Court for the entry of a Final Judgment and Permanent Restraining Order. In support of its Motion, the Parties state as follows:

1. Great Harvest and the Greens entered into the May 8, 2014, Great Harvest Franchise Agreement ("Franchise Agreement").

2. On May 6, 2024, the Greens informed Great Harvest that they did not intend to renew the Franchise Agreement.

3. On May 13, 2024, Great Harvest filed its Verified Complaint [ECF No. 1].

4. In its Verified Complaint, Great Harvest brought claims related to the Greens' continued use of Great Harvest's trademarks, copyrights, trade secrets, intellectual property, and confidential information about its recipes, business and advertising methods, market studies, marketing techniques, and the Great Harvest System after the end of the franchise relationship, along with the Greens' alleged failure to adhere to and abide by the post-expiration obligations as set forth in the Franchise Agreement.

5. On May 13, 2024, Great Harvest also filed a Motion for Temporary Restraining Order [ECF Nos. 3-4].

6. On May 14, 2024, the Court granted Great Harvest's Motion for Temporary Restraining Order, and entered the Temporary Restraining Order ("TRO") [ECF No. 9].

7. The TRO is in effect through June 6, 2024.

8. Following the entry of the TRO, the parties began settlement negotiations.

9. The Greens consent to the Court's adoption of the Verified Complaint as the findings of fact and waive any further findings of fact, and the Parties have agreed to the entry of a Final Judgment and Permanent Restraining Order as set forth herein.

10. The Greens consent to the Permanent Restraining Order serving as a Final Judgment and ending the litigation.

11. The Greens consent to the entry of this Final Judgment and Permanent Restraining Order, and enter into it voluntarily.

12. The Greens waive any right they may have to appeal from the Final Judgment and Permanent Restraining Order.

13. The Greens consent to entry of this Final Judgment and Permanent Restraining Order without further notice, and agree that this Court shall retain jurisdiction for the purpose of implementing and enforcing this Final Judgment and Permanent Restraining Order.

14. Accordingly, the Parties request that the Court enter a Final Judgment and Permanent Restraining Order as set forth below:

   a. The Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, shall be permanently enjoined from using Great Harvest's trademarks, copyrights, trade secrets, intellectual property, and confidential information about its recipes, business and advertising methods, market studies, marketing techniques, or the Great Harvest System;

   b. The Greens, along with any entity they own, operate, are affiliated

      with, are employed by, and/or otherwise control, shall be permanently enjoined from referencing, directly or indirectly, their prior affiliation and/or franchise relationship with Great Harvest;

c. The Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, shall be permanently enjoined from using and/or publicizing any recipes, procedures, ideas, or concepts used or developed during the franchise period of May 8, 2014 and May 8, 2024, whether provided by Great Harvest, developed or discovered by the Greens, or from any other source;

d. For the three (3) years following the date of the full execution of the Settlement Agreement and Release of All Claims, the Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, shall be enjoined from making, selling, donating, and/or otherwise making available to the public any bread, scratch or homemade baked goods, or any product whose recipe has not been pre-approved by Great Harvest. Notice of a request for approval of a recipe by Great Harvest shall be provided as provided for in Section 11 of the Settlement Agreement and Release of All Claims. Great Harvest shall not unreasonably delay its decision regarding the approval of any recipe. If Great Harvest does not provide its approval of a submitted recipe within thirty (30) days of Great Harvest receiving the request pursuant to the notice requirements provided for in Section 11 of the Settlement Agreement and Release of All Claims, then Great Harvest's approval shall be deemed automatically given. In the event Great Harvest rejects any recipe submitted by the Greens, it will provide the Greens with a specific and detailed explanation of the reasoning behind the rejection of such recipe, the goal being to provide the Greens with guidance to help expedite the approval process for the benefit of both parties during the three (3) year term described above. For example, if the rejection results from the inclusion of a certain ingredient or ingredients, or from the process itself, such items will be listed and described on the rejection;

e. The Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, shall be

permanently enjoined from violating any of the post-expiration requirements as set forth in the Franchise Agreement;

f. The Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, shall be permanently enjoined from making, selling, donating, and/or otherwise making available to the public any products closely related to any product made, sold, donated, and/or otherwise made available to the public by Great Harvest, including, but not limited to, any such products sold while a franchisee and the following breads and/or products:

- Honey Whole Wheat bread;
- Dakota bread;
- Cinnamon Chip bread;
- Savory breads such as Cheddar Garlic or Spinach Feta; and
- Cinnamon rolls using the same or closely approximating any recipe used while a franchisee.

The Greens are permitted to utilize the bagel recipe they used while Great Harvest franchisees, but no others are allowed. The Greens agree to not make/bake any other bread regardless of origin, and shall not use live yeast in any of its baking;

g. For the three (3) years following the date of the full execution of the Settlement Agreement and Release of All Claims, the Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, shall be enjoined from using any logos, business names, menus, or advertising that has not been first pre-approved by Great Harvest. Notice of a request for approval of any logos, business names, menus, or advertising by Great Harvest shall be provided as stated in Section 11 of the Settlement Agreement and Release of All Claims. Great Harvest shall not unreasonably delay its approval of any logos, business names, menus, or advertising. If Great Harvest does not provide its approval of submitted logos, business names, menus, or advertising within thirty (30) days of Great Harvest receiving the request pursuant to the notice requirements provided for in Section 11 of the Settlement Agreement and Release of All Claims, then Great Harvest's

    approval shall be deemed automatically given.

h. For the three (3) years following the date of the full execution of the Settlement Agreement and Release of All Claims, the Greens, along with any entity they own, operate, and/or otherwise control, are ordered to provide Great Harvest on July 1 of each year a list of all of the Greens' employees for the previous year, including their names, job responsibilities, telephone numbers, addresses, and dates of employment;

i. For the three (3) years following the date of the full execution of the Settlement Agreement and Release of All Claims, the Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, are ordered to submit to, and participate in, unannounced on-site audits and inspections by auditors and/or inspectors of Great Harvest's sole choosing to monitor for compliance with Section 2(c) of the Settlement Agreement and Release of All Claims, the Franchise Agreement, and the Permanent Restraining Order. The frequency and duration of any inspection will not be harassing or unduly burdensome. Within thirty (30) days after the date of the Settlement Agreement, Great Harvest will provide the Greens with a written checklist which will be used by the Great Harvest inspectors during such inspections. If a material breach of Section 2(c) of the Settlement Agreement and Release of All Claims, the Franchise Agreement, or the Permanent Restraining Order is discovered during an audit or inspection conducted at Great Harvest's direction during the three (3) year inspection period described herein, then the three (3) year inspection period described herein shall automatically restart as of the date of the discovery of the material breach of Section 2(c) of the Settlement Agreement and Release of All Claims, the Franchise Agreement, or the Permanent Restraining Order;

j. The Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, are ordered to immediately return all of Great Harvest's trade secrets, copyrighted materials, and confidential and proprietary information, and not retain any such copies; and

    k. For the five (5) years following the date of the full execution of the Settlement Agreement and Release of All Claims, the Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, shall be enjoined from operating, affiliating with, consulting with, assisting, or being employed by any competing business that:

- produces, sells, or has for sale more than four (4) varieties of bread made with whole wheat flour on any given day; or
- targets and/or tracks temperatures of dough used in any multi-stage dough making process; or
- uses any forms or other methods of recording data in its business that function substantially the same as those used in a Great Harvest operation; or
- makes or sells products using fresh milled flour of any type; or
- measures the internal temperature of baked breads; or
- uses any of the bread names or names of items used in promotion campaigns that the Greens used while Great Harvest franchisee. For instance, if the Greens had been selling a bread called "Oregon Herb" or running a promotion featuring "Honey Bunnies" while part of Great Harvest, the Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, may not use these names or confusingly similar names again even if the products differ and whether or not the names are trademarks of Great Harvest; or
- times the mixing process; or
- uses a multi-stage process of preparing doughs where the time from combining any ingredients together until the time when loaves are placed on the pan for baking is within 1.5 hours (longer or shorter) from the times the Greens were using when they were Great Harvest franchisees; or
- maintains a store or website look or feel similar enough to the Greens' Great Harvest operation to be confusing to customers as to whether or not it is a part of the Great Harvest system; or
- produces, sells, or has for sale more than four (4) varieties of bread made with whole wheat flour on any given day; or

- targets and/or tracks temperatures of dough used in any multi-stage dough making process; or
- uses any forms or other methods of recording data in its business that function substantially the same as those used in a Great Harvest operation; or
- makes or sells products using fresh milled flour of any type; or
- measures the internal temperature of baked breads; or
- uses any of the bread names or names of items used in promotion campaigns that the Greens have used while Great Harvest franchisees. For example, if the Greens have sold a bread called "Oregon Herb" or run a promotion featuring "Honey Bunnies," the Greens, along with any entity they own, operate, are affiliated with, are employed by, and/or otherwise control, may not use these names or confusingly similar names even if the products differ and whether or not the names are trademarks of Great Harvest; or
- times the mixing process; or
- uses a multi-stage process of preparing doughs where the time from combining any ingredients together until the time when loaves are placed on the pan for baking is within 1.5 hours (longer or shorter) from the times the Greens were using when they were Great Harvest franchisees; or
- maintains a store or website look or feel similar enough to the Greens' prior Great Harvest operation to be confusing to customers as to whether or not it is a part of the Great Harvest system; or
- uses the words Great or Harvest in its legal name or trade name; or
- represents itself as formerly or currently associated with Great Harvest.

WHEREFORE, Great Harvest and the Greens request that the Court grant the joint Motion as set forth above, and enter the Permanent Restraining Order as a Final Order and enjoin the Greens as requested herein, and dismiss all other claims.

DATED this 31st day of May, 2024

We ask for this:

**GREAT HARVEST FRANCHISING, INC.**

/s/ *Jeana R. Lervick*
Jeana R. Lervick (MT Bar No. 13187)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P.O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile:  (406) 256-0277
Email: jlervick@crowleyfleck.com


**GREGORY ANDREW WILLIAMS GREEN**

/s/ *Gregory Andrew Williams Green*
2143 Harris Ridge Road
Winterville, NC 28590
Email: gawg@me.com

**KIMBERLY ELAINE GREEN**

/s/ *Kimberly Elaine Green*
2143 Harris Ridge Road
Winterville, NC 28590
Email: gawg@me.com